### SMITH *versus* SWEETSER.

A mortgager of land, whose right of redeeming has been sold on execution, has no rights in the land, until redeemed from the sale.

His acts upon it may be treated as trespasses.

Before the redemption, whether he be in possession or not, he can maintain no action of trespass *quare* against the purchaser for acts done upon the land.

TRESPASS *quare*, for tearing down a small barn, alleging, in aggravation, the injury to a swine by exposing it to the cold.

*Lowell*, for the plaintiff.

*Thacher*, for the defendant.

TENNEY, J., orally. — The plaintiff mortgaged the land, and his equity of redeeming was sold at a sheriff's sale to the defendant. The plaintiff was residing on the place. He had been requested by the defendant to remove, but refused to do so. Before the plaintiff redeemed the land, the barn was taken down by the defendant, with a view to constrain the plaintiff to remove. The plaintiff had no rights there. The seizin, which he had had, as mortgager, had passed to the defendant, who could maintain trespass for every act which the plaintiff might do upon the land. *Fox* v. *Harding*, 21 Maine, 104; *Abbott* v. *Sturtevant*, 30 Maine, 40.

That right in the defendant was not impaired by the plaintiff's possession, for that very possession was a trespass. The plaintiff was entitled to redeem within a year from the sheriff's sale. That gave him no right in the land, till the money should be paid. The fact that he did afterwards redeem, cannot affect the defendant's rights to do acts upon the land prior to the redemption.

But it is asked, can the plaintiff have no redress for injuries done to the estate before he redeemed it. That point is not before us. Perhaps it would not be too much to say, if he cannot, the law allows some failure of justice.

For the injury, said to have been done to the swine, *trespass quare clausum fregit* is not the appropriate action.

*Judgment for the defendant.*